# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:04CR230

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| MARVIN KEITT, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Sentence Reconsideration" filed May 3, 2005. On May 13, 2005, Defendant filed a Supplement to the Motion for Sentence Reconsideration. The Government has not responded to the Motion or the Supplement.

On September 3, 2004, Defendant appeared before United States Magistrate Judge David Keesler. Pursuant to a written Plea Agreement filed September 1, 2004, Defendant waived indictment and plead guilty to Count One of the Bill of Information in case 3:04cr230 and Counts One and Two in the Bill of Information in case 3:04cr231. Defendant was initially released on an unsecured bond. On December 9, 2004, however, Defendant was charged with several violations of his release conditions. Consequently, on December 21, 2004, Magistrate Judge Keesler revoked Defendant's bond and Defendant was ordered detained.

This Court sentenced Defendant on April 19, 2005, to forty-one (41) months incarceration and, upon release from imprisonment, three (3) years of supervised release. Judgment was executed on June 29, 2005. Defendant now argues that his sentence should be reduced for the assistance he provided the Government and asks the Court to reconsider the

1

sentence imposed.

A review of the Plea Agreement leads the Court to conclude that Defendant is filing this Motion for Sentence Reconsideration in contravention of the provisions of the Agreement, including Paragraphs 7(h), 19, and 20.[1] Moreover, with regard to Defendant's request for a downward departure, Title 18 of the United States Code, § 3553(e) permits a court to "impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). This language clearly permits a court <u>during sentencing</u> to reduce a defendant's sentence on the basis of substantial assistance, but gives no such latitude subsequent to sentencing. In this case, Defendant is asking for a reduction in his sentence well after judgment was entered. The Court has no authority to make such a reduction in the absence of the Government filing a Rule 35 motion.

Furthermore, according to Rule 35(b) of the Federal Rules of Criminal Procedure, only the Government may bring a Rule 35 motion for a reduction of sentence. FED. R. CRIM. P. 35(b); *United States v. Hayes*, 983 F.2d 78, 81 (7th Cir. 1992); *see also United States v. Orozco*, 160 F.3d 1309, 1315 (11th Cir. 1998), *cert denied*, 528 U.S. 1082 (2000); *United States v. Fraley*, 988 F.2d 4, 6 (4th Cir. 1993). Additionally, the Government may bring a Rule 35 motion in limited circumstances, which include that the defendant provide substantial assistance one year or more after the sentence is imposed and that the information provided was not available to the

---

[1]The Court notes that it does not find that Defendant's attorney, Denzil Forrester, improperly filed this Motion. After explaining the case law and statutes applying to requests for downward departures to his client, Mr. Forrester filed this Motion at the explicit request of Defendant.

2

defendant until one year or more after sentencing. See FED. R. CRIM. P. 35(b).

The Government, not a defendant or the Court, makes the initial determination as to whether a defendant has provided substantial assistance after sentencing. Moreover, the limited circumstances in which the Court is permitted to make inquiry into the Government's failure to file a Rule 35 motion do not exist in this case.[2]

Finally, even if all of Defendant's present assertions of meritorious assistance to the Government were factually correct, and even if the Court had plenary power to modify his sentence downward as a reflection of that assistance, the Court would decline in its discretion to do so. This result follows from the fact that Defendant had a full and fair opportunity to present evidence of his cooperation at the time of sentencing, and that is the time as of which the Court measures the extent of cooperation and grants a downward departure accordingly. The Court considered all evidence presented at sentencing and discharged its responsibility in that regard. Defendant's valiant efforts to alter this well-founded and time-honored procedure are untimely, unpersuasive, and unavailing.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reconsideration is hereby **DENIED.**

---

[2]See Wade v. United States, 504 U.S. 181, 183 (1992) (permitting a court to inquire into the Government's refusal to file a Rule 35 motion only where a defendant has made a threshold showing that the Government's failure to file is: (1) in breach of an obligation under the plea agreement; or (2) either based on a unconstitutional motive or not rationally related to any Governmental end).

**Signed: August 16, 2005**

Richard L. Voorhees
United States District Judge