# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:04-CR-00230-FDW

| | |
|---|---|
| MARVIN KEITT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

THIS MATTER comes now before the Court upon Petitioner's Motion for Injunctive Relief (Doc. No. 28). Petitioner's Motion is DENIED.

On September 3, 2004, Petitioner pleaded guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371. On June 6, 2004, this Court entered judgement against Petitioner and sentenced him to forty-one months imprisonment to be followed by three years of supervised release.[1] Petitioner now comes before this Court with a series of dizzying arguments attacking both the implementation and the very concept of supervised release.

First, Petitioner states that "[t]here is no question that supervised release is a part of the sentence and is subtracted from the total term." (Brief of Petitioner at 4.) Apparently, Petitioner believes that his three-year period of supervised release should have been subtracted from his sentence of forty-one months, leaving him with a sentence of five months imprisonment and three

---

[1] This sentence is to run concurrent with a forty-one month sentence for conspiracy to defraud the United States and money laundering in violation of 18 U.S.C. §§ 371 and 1956 in case number 3:04-CR-00231-RJC.

years of supervised release. This is, of course, absurd. Contrary to Petitioner's suggestion that the concept of supervised release has "baffled many layers and judges alike," (id.), the idea is quite simple. The basic mechanics of supervised release are as follows:

> A prisoner whose sentence includes a term of supervised release <u>after</u> imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. <u>The term of supervised release commences on the day the person is released from imprisonment</u> and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. <u>A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime</u> unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C.A. § 3624 (West 2007) (emphasis added). Adopting Petitioner's theory would transform supervised release into a kind of parole, something clearly not intended by Congress.

Petitioner next makes a series of constitutional arguments involving the Fifth, Ninth, and Tenth Amendments. First, Petitioner argues that supervised release violates double jeopardy because it "exposes ex-prisoners to the continue anxiety of the actual risk . . . [of] having their supervised release revoked for reasons that are not even crimes." (Brief of Petitioner at 7.) The Supreme Court has made it clear that punishment for supervised release violations does not offend double jeopardy because "postrevocation sanctions [are treated] as part of the penalty for the initial offense." <u>Johnson v. United States</u>, 529 U.S. 694, 700-01 (2000). Thus, Petitioner's double jeopardy argument is without merit. Second, Petitioner claims that supervised release violates due process because it is in actuality a sentence enhancement after the initial sentencing. This argument fails for the same reason as Petitioner's double jeopardy argument; supervised release is a part of the initial sentencing, not an enhancement or re-sentencing after the fact. Thus, due process is not offended. Finally, Petitioner's Ninth and Tenth Amendment arguments, to the extent that the Court understands them,

are based on Petitioner's contention that supervised release is an excessive grasp for power on the part of the Government that would lead to a "return to a state of communism with a land of sub-class beings or slaves, under constant anxiety and insecurity." (Brief of Petitioner at 8-9.) The Court is unsure exactly what to make of this argument, other than to say that it is not a legal basis for reducing Petitioner's sentence or his period of supervised release. Ultimately, Petitioner seems to find it inconvenient that he will have to follow the conditions of his supervised release. The Court finds it necessary to remind Petitioner that he is a convicted felon. As such, he has lost many of the rights enjoyed by law-abiding citizens.[2] During the three years of Petitioner's supervised release, he must satisfy several conditions in order to prove that he is capable of rejoining society. Nothing about this process constitutes an excessive governmental grasp for power or is otherwise unconstitutional.

For the foregoing reasons, and because the Court consider's Petitioner's arguments to be spurious in the extreme, Petitioner's Motion is DENIED.

IT IS SO ORDERED.                    Signed: October 30, 2007

Frank D. Whitney
United States District Judge

---

[2] For example, Petitioner may not possess a firearm or ammunition. See 18 U.S.C. § 922(g)(1).